# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DARON D. HOWARD-BEY, ) <br> a.k.a., Daron Durane Howard, AIS #159809, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WONDA CRAFT, et al.,[1] ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 2:17-CV-517-MHT <br> (WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Daron Durane Howard-Bey ("Howard-Bey"), an indigent inmate, in which he challenges the constitutionality of actions which occurred during a previous term of incarceration at the Covington County Jail. Specifically, Howard-Bey asserts that the medical defendants acted with deliberate indifference to his medical needs by "playing with [his] meds" and further alleges that the jail defendant failed to transport him to court proceedings. Doc. No. 2 at 1-2.

The order of procedure entered in this case instructed Howard-Bey to immediately inform the court of any new address. Doc. No. 5 at 4, ¶7 ("The plaintiff shall immediately inform the court . . . of any change in his address. Failure to provide a

---

[1]The documents filed by the medical defendants establish that defendant Craft's correct name is Wanda Craft.

correct address to this court within ten (10) days following any change of address will result in the dismissal of this action."). The docket indicates that Howard-Bey received a copy of this order. However, the postal service returned as undeliverable orders entered herein (Docs. No. 10, 17 and 19) because Howard-Bey no longer resided at the last address he had provided to the court.[2]

Based on the foregoing, the court entered an order requiring Howard-Bey to inform the court of his current address on or before September 29, 2017. Doc. No. 17. This order directed Howard-Bey to "show cause why this case should not be dismissed for his failure to comply with the orders of this court and his failure to adequately prosecute this action." Doc. No. 17 at 1-2. The court "specifically cautioned [Howard-Bey] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed." *Id*. at 2. As of the present day, the court has received no response from Howard-Bey to this order. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Howard-Bey is an indigent individual and the imposition of monetary or other punitive sanctions against

---

[2]The last address provided to the court by Howard-Bey is the Crenshaw County Jail.

him would be ineffectual. Moreover, Howard-Bey has failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears that Howard-Bey is simply no longer interested in the prosecution of this case. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action.

The parties may file objections to the Recommendation on or before **October 17, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which their objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of October, 2017.


    /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE